**KOLLER LAW LLC**
David M. Koller, Esquire (90119)          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com

### UNITED STATES DISTRICT COURT
### IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE BROWN : | |
| 32 S. Warner Avenue : | |
| Bryn Mawr, PA 19010 : | Civil Action No. |
|       Plaintiff, : | |
| : | **Complaint and** |
| v. : | **Jury Demand** |
| : | |
| MEADOWS AT SHANNONDELL : | |
| 6000 Shannondell Drive : | |
| Audubon, PA 19403 : | |
|       Defendant. : | |
| : | |

### COMPLAINT

Plaintiff, Danielle Brown, by and through her counsel, Koller Law LLC, by way of Complaint, alleges that her rights, pursuant to the Families First Coronavirus Response Act ("FFCRA") have been violated. In support thereof, Plaintiff avers as follows:

### IDENTIFICATION OF THE PARTIES

1. Plaintiff, Danielle Brown (hereinafter "Plaintiff"), is an adult individual who is domiciled at address listed above.

2. Defendant, Meadows at Shannondell (hereinafter "Defendant"), is a company engaged in the provision of rehabilitation and long-term healthcare services.

3. At all material times, Plaintiff was an eligible employee under the FFCRA.

4. Defendant is a company with less than 500 employees.

5. At all material times, Defendant was an eligible employer under the FFCRA.

## JURISDICTION AND VENUE

6. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. The FFCRA is a federal law and so this court maintains federal question jurisdiction over this matter.

8. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violation of federal laws.

9. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1931 (b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

10. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

11. On or around February 5, 2020, Defendant hired Plaintiff as a Resident Assistant.

12. Plaintiff was qualified for her position and performed well.

13. On April 15, 2020, Plaintiff began to experience body aches while at work, which she attributed to be a result of lifting patients. As the day progressed, Plaintiff began to feel weak and informed her supervisor, who granted Plaintiff permission to leave work to obtain a COVID-19 test.

14. After leaving work on April 15, 2020, Plaintiff reported to a Penn Medicine COVID-19 testing facility to obtain a COVID-19 test.

15. Plaintiff was instructed to self-isolate while waiting for the results of her COVID-19 test. Plaintiff complied with the instructions, she did not report to work on April 16, 2020.

16. On Friday, April 17, 2020, Plaintiff was informed that she had tested positive for COVID-19.

17. Plaintiff immediately called Evan Gamley, Defendant's human resources representative, to inform him of her positive result.

18. After the telephone call, Plaintiff sent to Mr. Gameley by email a copy of the positive result to confirm her diagnosis.

19. As a result of her positive COVID-19 test, Plaintiff began to self-quarantine for 14 days.

20. On Wednesday, April 22, 2020, while self-quarantining, Plaintiff discovered that her paycheck did not include her sign-on bonus.

21. In response, Plaintiff contacted Mr. Gamley who informed her that he was unaware of why the sign-on bonus had been withheld and would investigate the issue.

22. Later that same day, on April 22, 2020, Plaintiff received a telephone call from Mr. Gamley who informed Plaintiff that her employment was terminated because Plaintiff had allegedly been on her cell phone on COVID-19 April 14, 2020 and claimed that Plaintiff had not distributed ice to patients.  Defendant's allegations were blatantly and knowingly false.

23. Plaintiff had not been on her cell phone on April 14, 2020.

24. Plaintiff had not failed to distribute ice to patients.

25. During Plaintiff's employment with Defendant, Plaintiff had not received any discipline, warnings, or write-ups.

26. Prior to being terminated, Plaintiff had not received any warning or write-up for allegedly being on her cell phone.

27. Prior to being terminated, Plaintiff had not received any warning or write-up for allegedly not distributing ice.

28. Plaintiff avers that Defendant terminated her employment to interfere with her right to FFRCA leave and to retaliate against Plaintiff for requesting FFRCA leave because she had tested positive for COVID-19.

## COUNT I – INTERFERENCE
## FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)

29. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

30. Plaintiff was eligible for leave under the FFCR.

31. At all times material, Defendant knew, or should have known, of Plaintiff's need for FFCRA because she had tested positive for COVID-19.

32. Plaintiff gave Defendant proper notice of her need for FFCRA leave.

33. Plaintiff was entitled to FFCRA.

34. Plaintiff attempted to exercise her rights under the FFCRA.

35. Defendant unlawfully prevented Plaintiff from obtaining those benefits.

36. Defendant acted in bad faith by interfering with Plaintiff's request for FFCRA leave.

37. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FFCRA-related request for leave.

38. As a result of Defendant's intentional interference, Plaintiff suffered adverse employment actions causing her harm.

**WHEREFORE**, Plaintiff, Danielle Brown, requests that the Court grant her the relief against Defendant set forth in the Prayer for Relief clause, *infra*.

## COUNT II – RETALIATION
## FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)

39. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

40. Plaintiff was eligible for FFCRA Leave.

41. At all times material, Defendant knew, or should have known, of Plaintiff's need for FFCRA leave because she had tested positive for COVID-19.

42. Plaintiff was entitled to benefits under the FFCRA.

43. Plaintiff attempted to exercise her FFCRA rights.

44. After requesting FFCRA leave, Defendant retaliated against Plaintiff by terminating her employment.

45. Defendant's motivation for terminating Plaintiff was connected causally to Plaintiff's request for FFCRA leave.

46. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FFCRA.

47. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and liquidated damages under the FFCRA.

**WHEREFORE**, Plaintiff, Danielle Brown, requests that the Court grant her the relief against Defendant set forth in the Prayer for Relief clause, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Danielle Brown, requests that the Court grant her the following relief against Defendant:

a) Damages for past and future monetary losses as a result of Defendant's wrongful termination;

b) Compensatory damages;

c) Liquidated damages;

d) Reasonable attorneys' fees;

e) Recoverable costs;

f) Pre and post judgment interest;

g) An allowance to compensate for negative tax consequences;

h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

i) Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

 

Respectfully Submitted,

**KOLLER LAW LLC**

Dated: January 14, 2021

*/s/ David M. Koller*
David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com

*Counsel for Plaintiff*